MECHANICS' & TRADERS' NAT. BANK v. WINANT.

(*Supreme Court, General Term, First Department.*   June 19, 1888.)

1. MUNICIPAL CORPORATIONS—LIEN FOR WORK PERFORMED—HOW ACQUIRED.
   Under a contract for street improvement, containing a stipulation that persons working under the contractor might file claims for their services with the com-

missioner of public works, and that the city would retain, out of the sum due the contractor, funds to pay the same, filing such claim before the comptroller is not sufficient to acquire a lien on the fund, though the subcontractor was erroneously informed by an official of the department of public works that such claim should be filed with the comptroller.

2. TRIAL—FINDINGS BY REFEREE—SUFFICIENCY OF EVIDENCE.
    In an action involving a claim by a subcontractor upon such fund, his answer alleging that he filed his claim before either the comptroller or the commissioner of public works, and only discovering that it was not sufficient to file before the comptroller during the trial, when he offered evidence tending to prove a filing with the commissioner, which the referee deemed an after-thought, and decided that the claim was not so filed, there being evidence on both sides, the finding of the referee should not be disturbed.

3. COSTS—AGAINST SEPARATE DEFENDANTS—HOW TAXED.
    A separate judgment for full bills of costs against different defendants in the same trial and proceeding is erroneous.

Appeal from judgment on report of THOMAS ALLISON, Referee.

Action by the Mechanics' & Traders' National Bank, assignee of Michael Gavin, against the city of New York; Cornelius J. Winant afterwards becoming a defendant. From a judgment on a report of a referee Winant appealed. One witness testified that Winant not only did not file his claim with the commissioner of public works, as he claimed, but refused to do so, and insisted upon filing it with the comptroller; and before the attention of Winant was directed to the fact that he had filed the claim with the wrong official, as referred to in the opinion, he testified unequivocally that he filed it with the comptroller.

Argued before VAN BRUNT, P J., and BRADY and DANIELS, JJ.

Thornton, Earl & Kiendl, for appellant.    T. J. McKee, (John H. Strahan, of counsel,) for respondent.

VAN BRUNT, P. J.    In June, 1875, the mayor, etc., entered into a contract with one Michael Gavin for regulating, etc., certain sidewalks on Lexington avenue, in the city of New York.    The contract contained a provision that Gavin should be paid for such work in monthly installments of 70 per cent. of the value thereof, and that the city should retain 30 per cent. of the amount claimed under said contract; and by the contract Gavin agreed that he would furnish to the commissioner of public works with satisfactory evidence that all persons who had done work and furnished materials under the agreement, and had given written notice to the said commissioner before or within 10 days after the completion of the work that any balance on such work and materials was still due and unpaid, have been paid or secured.    And it was further provided that, in case such evidence be not given, such amount as might be necessary to pay the claims of the persons aforesaid should be retained, from any moneys due the contractor under the agreement, until the liabilities should be fully discharged or secured or such notice withdrawn.    The contractor, Gavin, began the work under such contract, and employed the defendant Winant to do work and furnish materials in and about the performance of the contract, which Winant did; and there was due to him, at the time of the commencement of the action, for such work and materials, a balance of over $2,000. Gavin assigned to the plaintiff the moneys due, and to grow due, under said contract, in November, 1875.    In July, 1887, the defendant Winant filed notice of lien with the comptroller for the amount due to him from Gavin.    The plaintiff subsequently brought suit for the balance due upon Gavin's contract, and the defendant Winant was made a party because of the notice he had filed with the comptroller, and the principal contention between the parties was whether the defendant Winant had a lien upon these moneys.

The fact that Winant had done work and furnished materials in connection with this contract gave him no lien independent of some provision of law, or some arrangement between the contracting parties.    It appears, by the terms of the contract, that provision was made for the filing of notice of lien against

the moneys remaining in the hands of the comptroller applicable to the payment of this contract, and that such notice should be given to the commissioner of public works.　Therefore, if the defendant has served such a notice, then he would be entitled to be protected against the assignment made prior to the earning of this money by the contractor to the plaintiff.　That is the issue which was tried before the referee, and the referee found that there was no proof that the defendant Winant ever filed his claim with the commissioner of public works, according to the requirements of Gavin's contract; and we see no reason for interfering with this finding of fact upon an examination of the evidence in this case.　It appears, from the answer of the defendant, that all that he claims was that he filed a notice of lien either with the commissioner or the comptroller; and it further appears that only after the termination of the plaintiff's case, and after the attention of the defendant Winant and his counsel had been called to the fact that the filing of a notice with the comptroller was not a compliance with the contract, that any evidence was attempted to be given showing a filing of the notice required by the contract with the commissioner of public works.　It was the opinion of the referee that the evidence in reference to the filing of the notice with the commissioner of public works was an after-thought, and was insufficient to establish the fact, and certainly his conclusion in this regard is supported by the appearances of the case; and as he was present, and saw the witness testify, and the circumstances surrounding, his judgment should not be lightly interfered with.　It would appear that it was the necessities of the case which recalled to the recollection of the defendant the fact of his leaving some paper at the office of the commissioner of public works.　If an application was made, as is stated by the defendant, to an official in the department of public works, and he was instructed to file it with the comptroller, that in no way affects the rights of the parties.　The witness says that was the first light he received; and, if that light led him into darkness, it does not affect the rights of the plaintiff.　The defendant, in attempting to fasten this lien on the fund, was presumed to know the procedure which it was necessary to adopt.　He can only obtain his lien by strictly following the requirements of the contract,— by giving notice to the commissioner of public works,—and that he does not seem to have done.　He therefore established no right to participation in the fund according to the terms of the contract in question.

We think, however, that the referee was in error in the judgment which he settled and ordered to be, by giving separate bills of costs against the defendant the mayor and the defendant Winant.　The result of the judgment would be that, although one defendant paid the whole bill of costs, and all that the plaintiff could possibly claim by way of costs resulting from this litigation, the plaintiff would still have the right to collect a precisely similar bill from the other defendant.　It was the same trial and the same proceeding, and the entry of separate judgments giving full costs against each of the defendants is utterly unwarranted by any of the provisions of the Code, so far as we have been able to ascertain.　We think, therefore, that the judgment, so far as it awarded separate costs against the defendant Winant, is unfounded, and should be reversed.　The judgment as modified should be affirmed, without costs of this appeal.

BRADY and DANIELS, JJ., concur.