WILLIAM MANSFIELD, Plaintiff, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent; EDWARD GUSTAVESON, Appellant.

1. MUNICIPAL CORPORATIONS — RIGHT OF CLAIMANT TO FUND RETAINED AS INDEMNITY FOR DAMAGES CAUSED BY CONTRACTOR'S NEGLIGENCE. Where a contract made by a city contained, in compliance with an ordinance thereof, a provision that the contractor should indemnify it against any claim which might be made for injuries or damages arising from the contractor's negligence and that it might retain the whole or any part of the money due the contractor until any suits or claims for damages should be settled and satisfactory evidence to that effect furnished, and the city has retained part of the amount due to the contractor to protect itself against a claim presented for damages alleged to have been caused by negligence of the contractor, and claimant has intervened in an action brought by the contractor for said balance and put in an answer setting up his claim, notice and presentation thereof, and alleges that the city is retaining sufficient money due the contractor to pay the claim, the claimant is not entitled to judgment that the city pay the claim out of the fund retained by it, and if the fund did not remain in its hands that it pay the judgment in the same manner as it pays other judgments against it, since no attempt was made to fix an original liability upon the city for injuries done by the contractor to claimant, and the city merely has the right to retain the fund as indemnity until that stage of the case is reached, if meantime the contractor does not satisfy the claim.

2. WHEN CLAIMANT CANNOT BE SUBROGATED TO RIGHTS OF CITY. Such a judgment for claimant cannot be sustained upon the theory that he is entitled to be subrogated to the rights of the city in and to the fund retained by it, since the contractor is the indemnitor, but not the surety of the city, until it has been made liable for his defaults.

3. APPEAL — JUDGMENT ABSOLUTE UPON REVERSAL. When it appears that an appellant has no cause of action and would certainly be defeated upon a new trial it is proper for the Appellate Division to direct judgment absolute against him.

*Mansfield* v. *Mayor, etc., of New York,* 15 App. Div. 316, affirmed.

(Argued November 15, 1900; decided December 11, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 12, 1897, reversing a judgment in favor of defendant Gustave-

son entered upon a decision of the court on trial at Special Term, and awarding judgment absolute against said defendant.

The plaintiff Mansfield in September, 1887, sued the defendant, the Mayor, Aldermen and Commonalty of the City of New York, to recover a balance of $1,000 alleged to be due him on contract with the city for the construction of a sewer. The city answered admitting the contract, the construction of the sewer and non-payment of the balance of $1,000, and alleged that it retained the same under the terms of its contract with plaintiff to indemnify it against a claim presented by the appellant Gustaveson for damages alleged by him to have been done to his real estate by plaintiff's negligent and improper work in constructing the sewer; that no evidence had been presented to the city that the claim had been settled and that the city was willing to pay plaintiff upon proof of the discharge of such claim.

Gustaveson, in December, 1891, upon notice to the parties, the plaintiff not appearing, the city opposing, procured an order that he be made a party defendant and that the complaint be amended by setting out his interest, and that he be permitted to answer. The plaintiff amended his complaint by making Gustaveson a party, again setting forth his cause of action against the city, and adding that Gustaveson made claim to damages as aforesaid in the sum of $750, but that the claim was not valid. Gustaveson by his answer alleged that the plaintiff by his negligent and improper work in constructing the sewer had undermined a portion of his lot and the corner of his house thereon to his damage $750, and then alleged the contract between the plaintiff and the city, and that he had given the city notice of his claim and lien. on the moneys due and to become due to the plaintiff to the extent of $750, and that the city is retaining a sufficient sum therefrom to pay the said claim; and he demanded personal judgment against the plaintiff and judgment against the city for the payment thereof by the city out of the fund retained. The city served no further pleading.

The contract provided: (1) That the city might retain

27

sufficient moneys from the contract price " to pay off, satisfy and discharge " such liens for labor and materials as had been duly filed under the lien law of 1878, and notice thereof given to the proper authorities; (2) And the said party of the second part hereby further agrees that he will indemnify and save harmless the parties of the first part against and from all suits and actions of every name and description brought against them, and all damages and costs to which they may be put by reason or on account of any injuries or damages received or sustained by any party or parties, or his or their property, by or from the said party of the second part, his agents or servants, in the construction of said work, or by or in consequence of any negligence or carelessness in the performance of the work, or by or on account of any act or omission of the said party of the second part, or his agents or servants; and the said party of the second part hereby further agrees that the whole or so much of the moneys due to him under and by virtue of this agreement as shall or may be considered necessary by the commissioners of the department of public parks, shall or may be retained by the said parties of the first part, until all such suits or claims for damages as aforesaid shall have been settled, and evidence to that effect furnished to the satisfaction of the said commissioners."

An ordinance of the city directed that "in all contracts for work for the corporation upon any of the public buildings or in any public street or place, in the performance of which accidents or injuries may happen to the person or property of another, a provision shall be inserted that the contractor shall place proper guards for the prevention of accidents, and shall put up and keep at night suitable and sufficient lights during the performance of the work, and that he will indemnify the corporation for damages or costs to which they may be put by reason of injury to the person or property of another resulting from negligence or carelessness in the performance of the work." (Revised Ordinances of 1880, page 121, section 11.)

The case came on for trial at the Equity Term; the plaintiff moved to strike it from the calendar upon the ground that it

was a common-law action. The motion was denied. The
plaintiff took an exception and withdrew. The trial pro-
ceeded between the defendants. The defendant Gustaveson
proved the injury and how it was caused, and the filing of the
proper notices with the city. There was no controversy about
the facts, and the court directed judgment for Gustaveson
against the plaintiff for $750 and costs, and that the city pay
the same out of the fund it retained, and if the fund did not
remain in the hands of the city that it pay the judgment in
the same manner as it pays other judgments against it. The
city appealed; the plaintiff has not appealed.

*L. Laflin Kellogg* and *Alfred C. Petté* for appellant.
The clause in the contract providing for the retention by the
city of moneys due the contractor thereunder until all suits or
claims for damages had been settled, inured to the benefit of
the defendant Gustaveson, and he became subrogated to the
rights of the city in and to the moneys retained, by virtue of
the doctrine that a creditor may avail himself of a collateral
obligation taken as indemnity to protect him from the pay-
ment of a debt by one himself liable therefor from a party
who had undertaken to indemnify the former against his
liability. ( *Vogel* v. *Mayor, etc.,* 92 N. Y. 10 ; *Goldschmidt* v.
*Mayor, etc.,* 14 App. Div. 135 ; *Schumacher* v. *City of New
York,* 40 App. Div. 320; *Gilbert* v. *Beach,* 5 Bosw. 454 ;
*Reynolds* v. *Braithwaite,* 132 Penn. St. 416 ; *Storrs* v. *City
of Buffalo,* 17 N. Y. 104; *Brusso* v. *City of Buffalo,* 90
N. Y. 679 ; *Kunz* v. *City of Troy,* 104 N. Y. 344; *Turner*
v. *City of Newburgh,* 109 N. Y. 301 ; *Masterson* v. *N. Y. C.
& H. R. R. R. Co.,* 84 N. Y. 247.) The contract was for
the doing of public work, and by its provisions the contractor
undertook the performance of the duty resting upon the
city to keep its streets in a safe condition and to protect
the persons and property of the public from injury. (*Robin-
son* v. *Chamberlain,* 34 N. Y. 389 ; *F. F. Ins. Co.* v.
*Baldwin,* 37 N. Y. 648 ; *City of Brooklyn* v. *B. C. R. R.
Co.,* 47 N. Y. 475 ; *Hicks* v. *Dorn,* 47 N. Y. 130 ; *McMahon* v.

*S. A. R. R. Co.,* 75 N. Y. 231; *Little* v. *Banks,* 85 N. Y. 258; *Cook* v. *Dean,* 11 App. Div. 123; 160 N. Y. 4; *G. F. G. L. Co.* v. *Van Vranken,* 11 App. Div. 420; *Conroy* v. *Gale,* 5 Lans. 346; 47 N. Y. 665; *Stack* v. *Bangs,* 6 Lans. 262.) By retaining the balance due to the contractor, pursuant to the provision of the contract, the city became a trustee of the fund for the benefit of the person equitably entitled to it. (*M. & T. Bank* v. *Mayor, etc.,* 97 N. Y. 355; *M. & T. Bank* v. *Winant,* 123 N. Y. 265; *Mansfield* v. *Mayor, etc.,* 15 App. Div. 316.) The Appellate Division should not have ordered final judgment upon the merits in favor of the city without ordering a new trial. (*New* v. *Vil. of New Rochelle,* 158 N. Y. 41; *Benedict* v. *Arnoux,* 154 N. Y. 715; *Canavan* v. *Stuyvesant,* 154 N. Y. 89; *Heller* v. *Cohen,* 154 N. Y. 299; *Foster* v. *Bookwalter,* 152 N. Y. 166; *Griffin* v. *Marquardt,* 17 N. Y. 28.)

*John Whalen, Corporation Counsel* (*Theodore Connoly* and *Terence Farley* of counsel), for respondent. It was incumbent upon the defendant Gustaveson, to support his alleged lien, to show that the $1,000 which the city had retained was due to plaintiff. (*Fogg* v. *S. R. T. Co.,* 90 Hun, 274; *Pack* v. *Mayor, etc.,* 8 N. Y. 222; *Kelly* v. *Mayor, etc.,* 11 N. Y. 432; *Cuff* v. *N. & N. Y. R. Co.,* 35 N. J. L. 17; *Steel* v. *S. E. R. Co.,* 16 C. B. 550; *Cary* v. *Chicago,* 60 Ill. App. 341; *Brown* v. *A. C. Co.,* 3 H. & C. 511; *Slater* v. *Mersereau,* 64 N. Y. 138; *Hunt* v. *P. R. R. Co.,* 51 Penn. St. 475; *Stone* v. *C. R. Co.,* 19 N. H. 427.) There is no force in the contention that the city, by retaining the balance due to the contractor pursuant to the provisions of the contract, became a trustee of the fund for the benefit of the person equitably entitled to it. (*M. & T. Bank* v. *Mayor, etc.,* 97 N. Y. 355; *M. & T. Bank* v. *Winant,* 123 N. Y. 265; *Bates* v. *S. S. Bank,* 157 N. Y. 328.) There was no equitable lien created by the filing of the notice. (1 Jones on Liens, §§ 27, 48, 50; *Wright* v. *Ellison,* 1 Wall. 16; *Hoyt* v. *Story,* 3 Barb. 262; *Borden* v. *Boardman,* 157 Mass. 410; *Mott* v. *C. W. &*

*Mfg. Co.*, 48 Kan. 12; *French* v. *Vix*, 143 N. Y. 90; *Trist* v. *Child*, 21 Wall. 441; *Rogers* v. *Hosack*, 18 Wend. 319; *Gibson* v. *Stone*, 43 Barb. 285; *McCormick* v. *Sullivan*, 71 Hun, 333.)

LANDON, J. We think this judgment should be affirmed. There is no allegation in the answer of the appellant, which is practically his complaint, that the city was primarily liable for the damages for which judgment was directed against the contractor, either as the author of his acts, his master, or joint wrongdoer with him, or as his surety. No such issue was tendered or has been tried. The city, pursuant to its ordinance and in order to protect itself, if by possibility it should be cast in damages because of the negligence of the contractor, agreed with him for indemnity against such contingent liability, and to that end withheld the balance otherwise due upon his contract, because meantime this appellant had presented to it a notice of the claim upon which he has now recovered a judgment in this action against the contractor. By the contract the city has a right to retain this money until proof is presented to it that the claim is satisfied. The contract did not provide that the city might pay the claim and charge the contractor with the amount. It can only charge the contractor with it in case it shall, because of its relations with him, be cast in damages for his wrong to the appellant, and thus be compelled to pay what, as between the contractor and itself, the contractor should pay. No attempt has been made to fix an original liability upon the city for the injuries done by the contractor to the appellant; it has had no day in court upon that question; and hence it has the right to retain the fund until that stage of the case is reached, if meantime the contractor does not satisfy the appellant's judgment. The city holds no money for the appellant, but simply to protect itself against the contingency contemplated by its contract with the contractor. It could take this indemnity without incurring any obligation to the appellant. (*French* v. *Vix*, 143 N. Y. 90.)

The appellant's contention, that he is entitled to be subrogated to the rights of the city in and to the fund it retains, fails, because of the reasons already stated. Subrogation is the substitution in place of the creditor of one, usually a surety, who under the compulsion of necessity, or for the protection of his own interests, has discharged a debt for which as between himself and another, the latter is primarily liable. In such case the surety or party paying is entitled to the security, benefits and advantages held by the creditor. (2 Beach Modern Eq. Juris. section 798.)

If the appellant had tendered the city the issue of its liability for the contractor's acts, and had recovered judgment against it upon that ground, then the city upon payment of the judgment might ask, under its contract with him, if it should need to do so, to be subrogated to the appellant's judgment against the contractor, so that it could assert the judgment against the contractor's demand for payment of the unpaid balance upon his contract. But as the case stands, the contractor is the indemnitor, but not yet the surety or debtor of the city, having only agreed to save it harmless in case the latter should be made liable for his defaults. When that event happens, the city, upon discharging its liability to the appellant, will at the same time *pro tanto* discharge its liability to the contractor.

The case is clearly distinguishable from *Merchants and Traders' Bank* v. *Mayor* (97 N. Y. 362). That action was to determine the conflicting claims of the assignee of the contractor, and parties who had filed notices of claims for labor and materials, to the unpaid part of the contract price retained by the city. There was no lien law at that time, and thus the city had not retained the money to indemnify or protect itself against liens for labor and materials. But the ordinance of the city, passed pursuant to law, required that all contracts for work done for the city should provide that the last installment of the contract price should be retained by the city until certain prescribed evidence should be given that all persons who had furnished labor or materials to the contractor, and

given the proper notice thereof, and also that some balance therefor was unpaid, had been satisfied. It was held that, as the city did not retain the money for its own protection, it must have been the meaning of the ordinance, and of the contract made in compliance with its requirement, that it held the money for the protection of the persons furnishing labor and materials, and as their trustee, to pay it to them. *Mechanics and Traders' National Bank* v. *Winant* (123 N. Y. 265) is to the same effect. In the case before us the city retained the balance for its own protection, and not for the appellant's benefit. In *Bates* v. *Salt Springs National Bank* (157 N. Y. 322) a building contract provided that no payment should be made to the contractor until he had obtained a certificate from the county clerk that no unsatisfied liens were on file. This was held to be for the benefit of the owner, and not as creating any obligation in favor of third parties furnishing labor or materials.

That the city is a public municipality does not enlarge the scope of its contract obligation. That fact might have been important if the issue had been tendered it that the contractor was solely chargeable because he had assumed to discharge a public duty and was liable because through him the public duty had been mal-performed or not performed at all, to the appellant's injury, as in *Robinson* v. *Chamberlain* (34 N. Y. 389) and cases of its class.

The appellant insists that it was error for the Appellate Division to direct absolute judgment against him, upon its reversal, instead of awarding a new trial. We think that it does appear that the appellant would certainly be defeated upon a new trial. (*New* v. *Village of New Rochelle*, 158 N. Y. 43.) The city is not the trustee of a fund in dispute. The contractor sued for an alleged balance due him, and the appellant has no assignment lien or interest in it. The city may, under the powers conferred and duties enjoined upon it by law, either express or implied, incur obligations either in performance or neglect of performance, and in some cases in mal-performance of its powers and duties. But before it can

be charged with the obligations which one individual owes to another, the grounds for that charge should be clear. It is not enough that in the particular case it can do so without harm to itself, or that it has been indemnified against such harm, or even that the individual owing the duty does not object. It must appear that it is its duty to do so. We think it was not error to direct judgment absolute.

The judgment should be affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, CULLEN and WERNER, JJ., concur.

Judgment affirmed.