MAYOR, ETC., OF CITY OF NEW YORK v. MECHANICS' & TRADERS' BANK OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    March 12, 1909.)

1. INDEMNITY (§ 6*)—CONSTRUCTION OF BOND.
    In determining liability on an indemnity bond given by an assignee of a contractor, on payment to the assignee of the amount due the contractor, under a contract for public improvements, the bond must be read in the light of the circumstances surrounding its execution and the purpose which it was designed to accomplish.
    [Ed. Note.—For other cases, see Indemnity, Cent. Dig §§ 7, 9, 18, 19; Dec. Dig. § 6.*]

2. INDEMNITY (§ 12*)—DISCHARGE OF INDEMNITOR.
    The assignee of a public contractor, on receiving from the city the amount due under the contract, executed a bond to the city to indemnify it against all claims that the city might be "compelled to pay by reason of the establishment and recovery of any such alleged claim or claims." After the execution of the bond and the payment of the money, one claiming a lien on the money due under the contract brought an action against the city to recover the amount of the claim, to which action the assignee was made a party, and judgment was recovered against the city, from which the assignee and the city appealed. Pending the appeal, the city compromised the judgment and gave notice to all the attorneys in the case and the trial justice that the judgment had been settled, and that the appeal "no longer had any force." *Held*, that the indemnitor was discharged, though he did not thereafter prosecute the appeal.
    [Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 27; Dec. Dig. § 12 *]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. APPEAL AND ERROR (§ 262\*)—PRESENTATION OF QUESTIONS IN TRIAL COURT— DIRECTION OF VERDICT—REQUEST FOR SUBMISSION OF ISSUES.**

Appellant is entitled to a review of an order of the trial court directing a verdict, though he did not request the court to submit issues to the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1593; Dec. Dig. § 262.\*]

Ingraham and Laughlin, JJ., dissenting.

Appeal from Special Term, New York County

Action by the City of New York against the Mechanics' & Traders' Bank of the City of New York. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Charles Strauss (Eugene D. Boyer, on the brief), for appellant.
Terence Farley, for respondent.

McLAUGHLIN, J. The undisputed facts, so far as material to the question presented by the appeal, are as follows: In June, 1875, one Gavin entered into a contract with the city of New York to do certain work on Lexington avenue between 102d street and the Harlem river. On the 1st of November of that year, in consideration of money advanced to him by the defendant or its predecessor, to be used in the completion of the contract, he assigned and transferred to the defendant all his interest therein, including moneys due and to grow due thereon. Some time thereafter the contract was completed, and there then remained a balance due from the city of $18,480.16, to recover which sum, with interest, the bank commenced an action against the city and certain other defendants who claimed an interest therein, one of whom was Cornelius J. Winant. This action resulted, on the 15th of December, 1886, in a judgment in favor of the bank for the full amount claimed, $29,796.91. Thereafter the city and the bank compromised and settled the judgment, the defendant executing and delivering to the city a bond wherein it covenanted that it would—

"well and truly pay all sum or sums that the said the mayor, aldermen and commonalty of the city of New York may be compelled to pay by reason of the establishment and recovery of any such alleged claim or claims by any of said claimants or their legal representatives and the costs, damages and expenses thereof. \* \* \*"

Winant appealed from the judgment so far as it determined that he did not have a lien to the extent of his claim upon the amount due on the Gavin contract, and the judgment was reversed as to him and a new trial ordered. The new trial, on the 25th of May, 1894, resulted in a decree that he had a lien to the extent of his claim upon the moneys due upon the Gavin contract, and awarded him a judgment against the city to the amount thereof—$5,114.70—which was thereafter compromised and settled by the city, and then it brought this action upon the defendant's bond to recover the amount paid.

The complaint alleged that after the rendition of the judgment in favor of Winant against the city a demand was made upon the bank

to pay the amount thereof, but it failed and neglected to do so, and that on the 7th of November, 1894, the city paid to Winant the judgment, which then amounted to $5,226.65

The answer put in issue the allegation of the complaint that a demand was made upon the bank for payment, and its refusal to pay; also the payment of the amount of the judgment to Winant by the city; and, as a separate defense, alleged, in substance, that an appeal was taken from the judgment in favor of Winant by both the bank and the city, and while such appeal was pending and undecided, against the protest of the bank, the city settled and paid the judgment.

At the trial the bank sought to prove that no demand was ever made upon it to pay the Winant judgment; that after an appeal had been taken by it, in which the city joined, and a proposed case and proposed amendments thereto had been served, and before the case had been settled by the trial justice, the city, against the protest of the bank, paid or compromised the judgment; and thereafter, through the corporation counsel, gave notice to all the attorneys in the case, including the trial justice, that the city had paid or settled the judgment, and that the appeal no longer had any force; and by reason of that fact the case on appeal was never settled. It also sought to prove a conversation between the representatives of the bank and the corporation counsel, at the time the bond in question was given, regarding the right of the bank to appeal from any judgment which might be obtained against the city by any of the claimants mentioned in the bond; and that notice was given to the corporation counsel, prior to the trial which resulted in a judgment for Winant, that, if the result were adverse to the city, the bank insisted upon its right to appeal. Its efforts, however, were unavailing, inasmuch as all testimony tending to establish the facts sought to be proved was excluded on objection of counsel representing the city, and an exception in each instance duly taken. A verdict was directed in favor of the city for the full amount claimed, and, from the judgment entered thereon and an order denying a motion for a new trial, defendant appeals.

I am of the opinion the exceptions to the rulings excluding the testimony tending to prove the facts hereinbefore referred to were well taken. The bond in question must be read in the light of the circumstances surrounding its execution and the purpose which it was designed to accomplish. It was a substitute for the money due under the contract to protect the city in case it had to pay any portion of it to other claimants, but, notwithstanding the purpose, the city could not arbitrarily deprive the bank of its right to review a judgment obtained by a claimant without taking the chances of loss should such review and a subsequent trial result favorably to the bank. Had the testimony sought to be introduced by the bank been received, then a question of fact would have been presented as to whether the payment to Winant were made in good faith, and, if so, whether it operated to the injury of the bank. That such testimony was admissible is clearly established by the case of the City of New York v. Baird, 176 N. Y. 269, 68 N. E. 364. There, the action was upon a bond, the condition of which was that the obligor would "pay and fully satisfy

any judgment which may be obtained by the said Thomas Kelly against the city of New York, together with all costs and disbursements." Kelly obtained a judgment against the city, from which an appeal was taken by both the city and Baird, and, after steps had been taken towards making a case on appeal, the city, against the protest of Baird, compromised and settled the judgment, and then brought an action on the bond to recover from Baird the amount paid. At the conclusion of the trial in that action a verdict was directed in favor of the city, which was set aside and a new trial ordered, and on appeal to this court the order setting aside the verdict was reversed and the motion for a new trial denied. City of New York v. Baird, 74 App. Div. 238, 77 N. Y. Supp. 446. The determination of this court, however, was reversed by the Court of Appeals and a new trial granted. City of New York v. Baird, supra. In directing a new trial, Chief Judge Parker, who delivered the opinion, said:

"We have then a situation where, after consultation between the counsel for Baird and the representative of the corporation counsel, an appeal was taken to the Appellate Division by the city and Baird, and steps taken towards making a case, but before it was possible for it to be argued, the municipal authorities changed their position and settled the judgment. * * * Our conclusion is that, reading this bond as we should, in the light of the circumstances surrounding its execution, and the contract under which the money was being held by the comptroller, for which the bond was to become a substitute for the protection of the city, the city could not deprive the principal and his sureties of his right of review without taking the chances of loss, should such review had a subsequent trial had by reason of it result favorably to the principal; that midway between the two extremes claimed by plaintiff and defendants lies the true position, and the test of it is, Was the action of the municipal authorities complained of taken in bad faith? If so, did it operate to the substantial injury of Baird and the surety? If the first question be answered in the affirmative, then the party indemnified cannot recover unless it shows that its action, found by the jury to have been taken in bad faith, with the intention of injuring the principal or surety, did not operate to the disadvantage of either, or, if it did to some extent, that, after deducting the amount of damage done to them, there still remained something due on the bond."

The condition of the bond here under consideration certainly imposes no greater obligation on the principal than did the bond in the Baird Case. There, Baird obligated himself "to pay and fully satisfy any judgment" which might be obtained by Kelly against the city, while here the bank obligated itself to pay any sum which the city might be "compelled to pay by reason of the establishment and recovery of any such claim or claims." It might be urged with much force that a payment made by way of compromise was voluntary, or, at least, that the city was not compelled to make the payment within the meaning of the bond. It certainly could not, as against the protest of the bank, make the payment, if such payment resulted to its injury.

The respondent's counsel attempts to distinguish this case from the Baird Case by reason of the fact that in the latter there was a request to submit to the jury the good faith of the city in compromising the judgment, while here no such request was made. The answer to the suggestion is that under the rulings of the trial court there was nothing to submit to the jury, inasmuch as he had refused to admit any

testimony which in any way tended to show that the city had acted in bad faith in compromising the judgment; that it did so without the consent and against the objection of the bank; and in doing so the bank was injured. A request to go to a jury is based upon the proposition that there is a question of fact for its determination; that evidence has been introduced from which it may find the facts one way or the other. Where there is no evidence to justify a finding, then it is unnecessary to make such request, because, if the finding were made, it would be against evidence and would have to be set aside.

It is also suggested—not by counsel—that the court did not err in excluding the testimony referred to, for the reason that the bank had not prosecuted its appeal; that the bank, having taken an appeal from the Winant judgment, should have gone ahead with it, notwithstanding the city paid the judgment; and, not having done so, it cannot now be heard to say that the action of the city worked to its injury. The same suggestion, doubtless, was or could have been made in the Baird Case. He appealed from that judgment as well as the city, but after the city had paid the judgment it does not appear that he took any further steps towards perfecting the appeal. Here, after the payment of the judgment by the city, it is not at all clear that the bank could, against the city's protest, have prosecuted the appeal. The bank had been paid the full amount of its claim. It had no further interest in the action, except in so far as the establishment of claims affected its liability upon its bond. If the city saw fit to voluntarily pay the only other recovery in the action, against the protest of the bank, I am unable to see that its interest was such that it could urge that the judgment which had been paid should be reversed. If the city did not act in good faith and the bank was thereby injured, it could be fully protected when the city sought to enforce its liability on the bond, and therefore it was justified in not prosecuting the appeal, and especially so after the counsel representing the city had notified the learned trial justice who had the proposed case on appeal and amendments under consideration that the judgment had been settled and the appeal "no longer had any force."

I am of the opinion that the judgment and order appealed from should be reversed and a new trial granted, with costs to appellant to abide event.

CLARKE and HOUGHTON, JJ., concur.

INGRAHAM, J. (dissenting). The facts are stated in the opinion of Mr. Justice McLAUGHLIN, and it is not necessary that I should restate them.

The bond given by the defendant upon which this action was brought recites that the defendant had obtained a judgment against the city of New York for upwards of $29,000; that there were certain persons who claimed to have furnished materials and filed notice of such claims with the finance department, claiming liens upon the amount due from the city; that the defendant "claims that there are no such claims or liens that are good and valid or should be paid out of said fund, but is desirous of protecting said the mayor, aldermen,

and commonalty of the city of New York from any loss or damage by reason of any such claims for labor or materials"; and the condition of the obligation was such that if the defendant would well and truly save, keep harmless, and indemnify the mayor, aldermen, and commonalty of the city of New York and their successors of and from the payment of all such claims so made and filed as aforesaid, "and shall well and truly pay all sum or sums that the said the mayor, aldermen, and commonalty of the city of New York may be compelled to pay by reason of the establishment and recovery of any such alleged claim or claims by any of said claimants or their legal representatives, and the costs, damages, and expenses thereof, then this obligation to be void, otherwise to remain in full force and virtue." One of the claims or liens thus specified was finally adjudged good in an action in which both the plaintiff and defendant were parties; the plaintiff was compelled to pay such claim or lien, and actually did pay it; and that the defendant has not paid to the plaintiff the sum of money that the plaintiff paid to satisfy such lien. This bond was dated the 26th of May, 1887.

As a defense the answer alleged that on the 19th of April, 1878, the predecessor of this defendant commenced an action against the mayor, aldermen, and commonalty of the city of New York, one Winant, who was the claimant who succeeded, and whose claim or lien the plaintiff paid, and others, for the purpose of having adjudicated the claims of various persons, including said Winant, for moneys arising from a contract made between the city and one Gavin for the grading and paving of Lexington avenue. That upon the trial of the said action a judgment was awarded to the said Mechanics' & Traders' Bank against the mayor, aldermen, and commonalty of the city of New York on the 15th of December, 1886, for a sum upwards of $29,000. That thereafter and on the 26th of May, 1887, the defendant in this action compromised and settled said judgment with the city, and gave the bond referred to in the complaint, at that time objecting to the validity of the claims of Winant. That thereafter, and upon a subsequent trial of the issues in the action raised by the answer of Winant, judgment was awarded and entered on the 25th of June, 1894, in favor of Winant and against the mayor, aldermen, and commonalty of the city of New York for the sum of $5,117.47 damages and costs. That thereafter, and within the proper legal time for that purpose, that is, on the 2d of August, 1894, the said bank, the defendant herein duly appealed to the then General Term of this court from said judgment so rendered in the action to which it was a party, and a copy of said notice of appeal was filed and duly served upon all parties who appeared in that action, including the plaintiff herein. That thereafter a proposed case on appeal was duly served on behalf of the said bank upon all said parties, and subsequently, and on or about the 15th of October, 1894, amendments to said proposed case were served on behalf of said city of New York, and also on behalf of said Winant, and said case and amendments were noticed for settlement before the justice who tried the case, and said appeal is still pending and undetermined. That subsequently, and on or about the

7th of November, 1894, the plaintiff, while said case and amendments were awaiting settlement, and said appeal, to which the plaintiff the city of New York was a party and in which it had participated, was pending, paid to said Winant, under and in pursuance of said judgment so appealed from by said bank, the sum of $5,000, and that such payment was made without notice to, or the knowledge, consent, or acquiescence of, this defendant. It was further alleged that pending the appeal the plaintiff gave notice of the payment to all the parties concerned, including the justice before whom said case was pending for settlement, and asserted that the appeal had become academic and was without practical force or virtue.

Upon the trial the plaintiff rested, and the defendant called its president and offered proof of conversation between him and the corporation counsel with reference to this claim of Winant's, and that subsequent to the giving of the bond the president had no relations with the city authorities in relation to this claim, and no demand was made on the bank for its repayment. This evidence was excluded. The cashier of the defendant was then called, and testified that Mr. Dean, an assistant corporation counsel, conducted the negotiations which involved the settlement of this claim, the payment of the defendant's judgment, and the giving of this bond on behalf of the city of New York. He was then asked whether there were any conversations regarding the right of the bank to appeal to the appellate court from any judgment that might be obtained against the city from any claims mentioned in the bond, and whether he stated to the assistant corporation counsel that the bank insisted upon the right to appeal to the Court of Appeals, if necessary, and whether the city of New York ever made a demand upon the defendant for a payment on account of the Winant transaction. This was all objected to and excluded, and the defendant excepted.

This testimony was all immaterial, and did not tend to establish a defense. The bond was an absolute obligation of the defendant, to be void only in the event that the defendant paid any and all sum or sums that the mayor, aldermen, and commonalty of the city of New York should be compelled to pay by reason of the establishment and recovery of any claim or claims by any of the said claimants or their legal representatives. One of such claimants recovered a judgment against the city which the defendant has not paid, and whether the bank insisted upon the right to appeal to the Court of Appeals or not was not material.

The defendant then called an attorney at law who was associated with the defendant's attorney in reference to this Winant claim. He was asked whether subsequent to that judgment he conducted an appeal therefrom on behalf of the defendant, which was objected to, whereupon counsel for the defendant stated that he desired to show that on the 2d of August, 1894, the Mechanics' & Traders' Bank took an appeal from the judgment to the General Term of this department, filed its notice of appeal in the county clerk's office, and served copies thereof upon the attorney for Winant and the corporation counsel. Having made this offer, the defendant then offered a notice of appeal

from the judgment filed August 2, 1894, the case-made, and the proposed amendments to the case, which were admitted, and then offered to prove a conversation in relation to the appeal with Mr. Dean respecting an intention on his part to settle the Winant judgment, the protest by the defendant against such settlement, and the submission of the case and amendment to the trial judge for settlement. He then further offered to show that the papers were returned by the trial judge, and the conversation between the trial judge and the witness that, as the Winant claim had been paid, the appeal no longer existed, and a further conversation with Mr. Dean after the papers were returned from the trial judge. This testimony was excluded, and the defendant excepted. The defendant then rested, and the court directed a verdict for the amount of the bond and interest.

It seems to me that this testimony was all incompetent and was properly excluded. There was nothing to prevent the defendant from prosecuting its appeal from the judgment establishing a lien in favor of Winant. The plaintiff was not an appellant. It was entirely immaterial to the defendant whether the city had paid the claim or not. If the defendant had succeeded in reversing the judgment establishing the validity of the Winant claim, it could not have been held upon its bond. If the city paid the claim pending an appeal, it did so at its own risk of having the judgment reversed on the appeal by the defendant from the judgment establishing that claim. The defendant failed to prosecute its appeal, for what reason is entirely immaterial, and the failure to so prosecute the appeal or procure a reversal of the judgment made it liable upon its bond. Nothing that the city did or could do in this case could take away the right of the defendant to appeal from the judgment establishing the Winant claim, and, if it had prosecuted that appeal successfully, it would be discharged from any obligation on the bond to the city. The situation was that the defendant had received from the city the amount of money as belonging to it that the court subsequently adjudged belonged to Winant. The defendant had appealed from the judgment in favor of Winant, and was entitled to prosecute that appeal. If Winant's claim or lien was not valid, and the judgment sustaining its validity had been reversed, there would have been no claim on behalf of the city in relation to this bond. But that judgment never has been reversed; it still stands in full force and effect; and the city has paid it. The condition of the bond has therefore been broken, and, if the defendant has lost its right to have that judgment reversed, it is because it voluntarily abandoned its appeal.

The defendant relies upon the case of City of New York v. Baird, 176 N. Y. 269, 68 N. E. 364, but in that case the situation was entirely different. That was an action against the city of New York and Baird as jointly liable for injuries sustained by one Kelly in consequence of negligence in the performance of a contract by Baird with the city. While that action was pending the city paid to Baird the amount due on his contract, taking back a bond with Baird as principal and a surety conditioned for the payment and satisfaction of any judgment which should be obtained in the action brought by Kelly against the city. The trial of that action resulted in a judgment

against Baird and the city jointly, from which an appeal was taken by both Baird and the city. While that appeal was pending the city, against the protest of Baird, paid the judgment and thus abandoned its appeal, and the defense was that that payment to Kelly was made in bad faith and in violation of Baird's rights. It is perfectly apparent that in that case the payment by the city at once prevented Baird from prosecuting his appeal, for, the judgment having been paid by one of those jointly liable for the tort, Baird had no opportunity of prosecuting the appeal and establishing his freedom from negligence. There the city was appealing. The abandonment of the appeal and the payment of the judgment prevented Baird from prosecuting his appeal, and this imposed upon Baird and his surety a liability upon the bond. In determining that question, the court said:

"It would be strange, indeed, if, as a result of such action, the city of New York could recover on the bond, should the continuance of the appeal by Baird result in a reversal of the judgment, without possibility of a recovery against him on a new trial. And, on the other hand, it would equally offend against justice to deprive the municipality of the benefit of the wisdom of its officers should it happen that they were wise in concluding either that the judgment would not be reversed, or, if reversed, that it would be for technical reasons, with the result that the subsequent verdict would be for an equal or greater amount."

And the judgment was reversed because it deprived the defendant of the opportunity of having the question of the good faith and fair dealing on behalf of the municipality passed upon. The whole decision of the court was based upon the fact that the city, by withdrawing its appeal and paying the judgment, had deprived the defendant in that case and his surety of the right to review without taking the chance of loss should such review and a subsequent trial had pursuant to it result favorably to the principal. It is apparent in this case that nothing that the city did deprived the defendant of the right to prosecute its appeal and procure a reversal of the judgment which established Winant's claim. But the answer does not allege that the city acted in bad faith, or that anything that the city did prevented the defendant's appeal from the judgment establishing Winant's claim, and, in the absence of such a defense in the answer, it certainly was not error for the court to exclude testimony which it was claimed would tend to establish it. Nor did the defendant make any such claim on the trial. The testimony was only to show that the city was not compelled to pay the judgment in favor of Winant because the defendant's appeal was still pending, and that the city had made no demand upon the defendant for the amount that it had paid to Winant. Neither of these facts constituted a defense to the action, and in view of the fact that nothing that the city did or could do could take away the defendant's right to review the judgment establishing Winant's claim, and that the defendant has failed to allege that the settlement was made in bad faith, it seems to me the ruling of the court was clearly right.

For that reason, the judgment appealed from should be affirmed.

LAUGHLIN, J., concurs.