## BANKERS' TRUST CO. v. NEW AMSTERDAM CASUALTY CO.

No. 9952.

Circuit Court of Appeals, Eighth Circuit.
June 27, 1934.

J. A. Tellier, of Little Rock, Ark. (G. B. Rose, J. F. Loughborough, A. W. Dobyns, and A. F. House, all of Little Rock, Ark., on the brief), for appellant.

Edward L. Wright, of Little Rock, Ark. (Thomas S. Buzbee, H. T. Harrison, and A. S. Buzbee, all of Little Rock, Ark., on the brief), for appellee.

Before SANBORN and WOODROUGH, Circuit Judges, and DEWEY, District Judge.

WOODROUGH, Circuit Judge.

New Amsterdam Casualty Company, here in referred to as the New Amsterdam Company, brought this action at law against the Bankers' Trust Company, administrator of the estate of P. F. Connelly, deceased, herein referred to as administrator, to recover upon an indemnity agreement executed to the New Amsterdam Company by Mr. Connelly in his lifetime. At the conclusion of all the evidence the plaintiff moved the court to direct a verdict in its favor, and the court having given such direction, there was a verdict and judgment for the New Amsterdam Company. The administrator appeals.

The record discloses that in 1931 one George H. Partin purchased a steamboat on time payments and was required to execute a bond for the faithful performance of his contract. In order to induce the New Amsterdam Company to go on the bond for Mr. Partin, Mr. Connelly executed to the New Amsterdam Company the indemnity agreement in which it was provided that he would indemnify the New Amsterdam Company against all liability, loss, costs, damages, attorneys' fees, and expenses which the New Amsterdam Company might be put to in consequence of executing the bond for Mr. Partin, and there was also the provision: "Third: That the Surety (New Amsterdam Company) shall have the right and is hereby authorized but not required (A) to adjust, settle or compromise any claim, demand, suit or judgment upon said bond * * * unless the indemnitors shall request said surety to litigate such claim or demand or to defend such suit or to appeal from such judgment, and shall deposit with the Surety satisfactory collateral sufficient to pay any judgment or judgments rendered or that may be rendered, with interest, costs, expenses and attorneys' fees * * *." Mr. Partin having defaulted on his contract of purchase, suit was brought against him and his bondsman, the New Amsterdam Company. The New Amsterdam Company by letter gave Mr. Connelly "the opportunity to defend the suit" at his own expense. To which offer Mr. Connelly replied by letter that he would defend the case. Among other attorneys Mr. Connelly employed Mr. Tellier to defend in the name of the New Amsterdam Company, and Mr. Tellier having selected other counsel at Mr. Connelly's expense to appear for Mr. Partin, the case was defended at a cost of about $1,000 to Mr. Connelly. The trial resulted in judgment against Mr. Partin and the New Amsterdam Company in the sum of $5,600 interest and costs. The law gave the losing parties the right to appeal conditional upon filing an appeal bond within 30 days from the date of the judgment.

In order to perfect the appeal Mr. Tellier made application for the necessary bond to the United States Fidelity & Guaranty Company through a Mr. East, local agent of that company at Little Rock, Ark., and drew up a proper form of appeal bond. The agent signed the bond for his company and Mr. Tellier signed it for the New Amsterdam Company. The agent then transmitted it to a branch office of his company at Memphis, Tenn., where Mr. Partin's attorneys lived, with directions to the agent to present it to Mr. Partin's attorneys and have them sign it and then to file it in the proper court and notify. The application which Mr. Tellier made for the appeal bond was on the general application form of the United States Fidelity & Guaranty Company and bound the applicant to pay a premium of $65 in advance each year so long as the bond should remain in force and effect and stipulated that the makers of said bond, George H. Partin and the New Amsterdam Casualty Company, would indemnify and save harmless the United States Fidelity & Guaranty Company from all losses, charges, suits, damages, and other expenses which the said United States Fidelity & Guaranty Company should sustain or be put to by reason of having executed said bond. To this application Mr. Tellier signed the name of the New Amsterdam Casualty Company by himself as attorney.

When the agent of the United States Fidelity & Guaranty Company at Memphis received the bond and the letter of directions from the Little Rock agent he noted that on bonds of that kind it was customary to have an application made from the parties in interest rather than by attorneys, and he called up the local agent of the New Amsterdam Company, a Mr. Hunter, by telephone. After talking to Mr. Hunter the Memphis agent of the United States Fidelity & Guaranty Company wrote the following letter to his company's agent at Little Rock:

"Subject: George H. Partin and New Amsterdam Casualty Company. Appeal Bond $6500.00 to St. Louis and Tennessee River Packet Company.

"I just finished talking to Mr. John A. Hunter, local manager for the New Amsterdam Casualty Company, and he tells me that his company does not propose to indemnify the surety on this appeal bond.

"It seems that it is necessary that the name of the New Amsterdam Casualty Company be shown to perfect the appeal, but they are not interested in making the appeal and propose to have nothing to do with it.

"Under the circumstances we could not deliver this appeal bond unless cash collateral for $6500.00 or Liberty Bonds with a market value of $6500.00 were pledged with us as security.

"Apparently Mr. P. F. Connelly proposes to indemnify the surety but even if his financial standing was satisfactory, which the writer does not know, we would not care to execute an appeal bond of this size for an individual without collateral.

"Apparently there is some misunderstanding and the letter of June 4th from Mr. H. B. Goad, Superintendent of the Claim Department for the New Amsterdam Casualty Company, which letter we return herewith, may not be entirely clear but Mr. Hunter advised us most positively that his company would not indemnify the surety and Mr. Tellier had no authority to sign their name as indemnitor or principal in this connection. We are holding all of the papers here awaiting receipt of your further advices.

"[Signed]   C. P. Kulp."

The Memphis agent exhibited the letter to Mr. Connelly's attorney, Mr. Tellier, about September 28, 1932, some five days before the expiration of the thirty-day period within which the appeal bond could be filed. Mr. Tellier testified that he understood from the letter that the Casualty Company would not proceed with the appeal and had denied his authority to sign the appeal bond for it, and that he relied upon the statement of Mr. Hunter, reflected in the letter, as an admission from the New Amsterdam Company that it would not go ahead with the appeal. Accordingly neither Mr. Connelly nor any one in his behalf made any request to or communicated with the New Amsterdam Company; no further steps were taken to perfect appeal, and after the lapse of the thirty-day period the judgment against Mr. Partin and the New Amsterdam Company became final, so that the New Amsterdam Company was compelled to and did pay it on October 17, 1932. Mr. Connelly died on the 11th day of October, 1932, and the New Amsterdam Company brought this action on the indemnity agreement against the administrator of his estate in April of the next year.

The defense was that the New Amsterdam Company, after it had vouched Mr. Connelly to defend the suit, prevented Mr. Connelly from perfecting appeal by refusal to go on the requisite appeal bond. The position of the New Amsterdam Company was that it had not so refused.

On this appeal both parties assume the law to be that when an indemnitor for the surety on a bond has been vouched by the surety to defend a suit on the bond, it is the duty of the surety after judgment rendered against him in the suit to go on an appeal bond required to perfect an appeal (good faith being assumed) and that refusal to do so, preventing an appeal, operates to release the indemnitor from his obligation. Both parties cite American Surety Co. v. Ballman (C. C. A.) 115 F. 292; City of New York v. Baird, 176 N. Y. 269, 68 N. E. 364; Robb v. Security Trust Co. (C. C. A.) 121 F. 460; and 31 C. J. par. 42, p. 444; 14 R. C. L., pp. 60–62; Freeman on Judgments (4th Ed.) par. 181 (5th Ed.) par. 444 et seq.; Mayor, etc., of City of N. Y. v. Mechanics' & Traders' Bank of City of N. Y., 130 App. Div. 748, 115 N. Y. S. 769; Stark v. Fuller, 42 Pa. 320, are also cited.

The question on this appeal, therefore, is one of fact and simply whether there was any evidence upon which the jury could have found that the New Amsterdam Company prevented Mr. Connelly from perfecting an appeal in its name by refusing to go on the necessary appeal bond. The trial court held there was none and we agree.

In order to sustain its affirmative defense in this case the burden of proof was on the administrator of the estate to show that Mr. Connelly had tendered a surety willing to go on an appeal bond for the New Amsterdam Company and that the New Amsterdam Company had refused to go on the appeal bond as principal.

There is no scintilla of evidence that Mr. Connelly or any one on his behalf made any direct request upon the New Amsterdam Company to go upon an appeal bond. Conversations had between the agent of Connelly's proposed surety and the agent of the New Amsterdam Company could not be taken to prove that Connelly requested the New Amsterdam Company to go, as a principal, on a proper appeal bond, or that the New Amsterdam Company refused such request. Such conversations were transactions between other parties and not between Connelly and the New Amsterdam Company. On the other hand, the testimony conclusively shows that Connelly did not tender the New Amsterdam Company a willing surety for the appeal bond. The United States Fidelity & Guaranty Company was induced to sign the appeal bond as surety for Mr. Partin and the New Amsterdam Company only by the application signed by Mr. Tellier, which application contained the promise on the part of the New Amsterdam Company to pay premiums to the surety and to indemnify it against all expense it might be put to by reason of signing the bond. Neither the oral testimony nor the letter set out above raise the slightest inference that the United States Fidelity & Guaranty Company would go surety on the appeal bond on any other terms. Mr. Tellier, by signing the name of the New Amsterdam Company to the application, undertook to bind the New Amsterdam Company for the payment of the premiums and for the indemnity. With this in mind, the letter above set forth is not ambiguous. It reflects that the New Amsterdam Company's agent, Mr. Hunter, said that his company would not proceed to indemnify the surety on the appeal bond and that Mr. Tellier was not authorized to give such indemnity for the New Amsterdam Company. The letter reflects that the New Amsterdam Company recognized that it was necessary that its name appear on the appeal bond (as principal) to perfect the appeal, and there is no word in the letter indicating that the New Amsterdam Company was unwilling to be the principal on the appeal bond. The letter further reflects the understanding of the writer, gleaned from conversation with the New Amsterdam Company's agent, that the person directly interested "in making the appeal" was Mr. Connelly and that the New Amsterdam Company would have nothing to do with "making the appeal" except only as it recognized that its own name should be on the bond as principal.

The only possible and fair inference that can be drawn from the whole testimony is that the surety proposed by Connelly for the appeal bond was unwilling to take the risk without an indemnifying undertaking and a contract for payment of premiums. There was, therefore, utter failure of proof that Connelly tendered a surety unconditionally willing to go on the appeal bond or that the New Amsterdam Company refused to become principal on such bond.

The most that may be inferred from all the testimony is that if the New Amsterdam Company had been willing to enter into the kind of indemnity contract that the United States Fidelity & Guaranty Company wanted, and if the New Amsterdam Company had been willing to obligate itself for the payment of premiums, the appeal bond could have been made, but no case has been cited in which it is held that a surety who has vouched an indemnitor is required to assume such a burden on pain of releasing its indemnitor.

We are persuaded that the law imposes no such obligation upon a surety towards the indemnitor. The duty and the whole duty of the surety to the indemnitor vouched to defend is to afford the indemnitor a clear field in which to carry on his defense and to interpose no obstacles or hindrances. On the other hand, there is no duty on the surety to involve himself in any new obligations towards third parties who may be offered as sureties on an appeal bond necessitated by the litigation.

The jury was rightly instructed and the judgment should be, and is, affirmed.