(117 App. Div. 659)

### CITY OF NEW YORK v. BAIRD et al.

(Supreme Court, Appellate Division, First Department. February 25, 1907.)

MUNICIPAL CORPORATIONS—ACTION ON CONTRACTOR'S BOND—ADMISSIBILITY OF EVIDENCE.

A contract with the city of New York for the laying of water mains required the contractor to indemnify the city against all damages on account of any injury resulting from the contractor s negligence. Subsequently an action was commenced against the contractor and the city for personal injuries resulting from the contractor's negligence, and, in order to obtain moneys retained by the comptroller, the contractor executed a bond with surety to the city to indemnify it against any judgment that might be obtained. A judgment was obtained and both the city and the contractor appealed, but the city settled by paying less than the amount of the judgment, against the protest of the contractor, and after the settlement the city sued on the bond. *Held* that, on an issue in such action as to the good faith of the city in making the settlement, there was no error in excluding a statement made by the contractor to the comptroller before the bond was executed, and two years before the case was settled, that the contractor wanted to carry the case to the appellate court.

Houghton, J., dissenting.

Appeal from Trial Term, New York County.

Action by the city of New York against William P. Baird and another. From a judgment in favor of plaintiff and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, HOUGHTON, and LAMBERT, JJ.

A. Delos Kneeland, for appellants.

T. Farley, for respondent.

INGRAHAM, J. Upon the former appeal in this case (176 N. Y. 269, 68 N. E. 364), which was from a judgment entered on a verdict directed for the plaintiff, the Court of Appeals held:

"That the city could not deprive the principal and his sureties of his right of review without taking the chances of loss, should such review and a subsequent trial had by reason of it result favorable to the principal; that midway between the two extremes claimed by plaintiff and defendants lies the true position, and the test of it is: Was the action of the municipal authorities complained of taken in bad faith? If so, did it operate to the substantial injury of Baird and the surety? If the first question be answered in the affirmative, then the party indemnified cannot recover unless it shows that its action—found by the jury to have been taken in bad faith, with the intention of injuring the principal or surety—did not operate to the disadvantage of either, or; if it did to some extent, that after deducting the amount of damage done to them there still remained something due on the bond."

Upon a retrial under this decision, therefore, the first question that was to be presented was: Did the city act in bad faith? And then, if the jury should find in the negative, it would seem to follow that the plaintiff was entitled to recover on the bond. On the other hand, if it should be found that the city did act in bad faith, which, I assume, means that the city acted in making the settlement without recognizing the rights of Baird and his surety which it was bound to recognize under the circumstances, then the question presented is whether or not the defendants were injured by the bad faith of the

city. Here the city stood in a position of having a claim against it for $50,000, based upon the negligence of Baird, and for which the city was entitled to hold the amount that was due to Baird under the contract. Baird wanted to get the money. If he had consented to allow the city to retain the money, the city would not have objected to his continuing the action as long as he pleased. He, however, to get the money, agreed to give to the city a bond for $10,000, which secured it against any judgment that should be obtained in that action, and that bond was given. It was not conditioned upon a final appeal to the Court of Appeals, but upon Baird and the surety paying any judgment that should be obtained against the city in the action. The case was tried and resulted in a judgment against the city for over $22,000, and neither Baird nor the surety paid the judgment and never have paid it. Thus the city had a judgment against it for $22,000. If the liability of the city was established as it had been upon the trial, even if a new trial was obtained, a much larger verdict might have been obtained, as the plaintiff's claim was for $50,000. When an offer was made to the city to settle for $17,000, the question was presented to the law officers of the city, who were bound to protect its interests, as to whether or not such a settlement should be made. The attorney for Baird testified that he insisted upon the city continuing the appeal. There is evidently a considerable disagreement between the assistant corporation counsel and the attorney for Baird as to just what position Baird's attorney took in relation to it; but that Baird's attorney knew of the negotiations pending, and that there was a possibility of the case being settled, appears beyond dispute by his affidavit upon which he obtained an order for an extension of time to prepare the case on appeal, and the defendants made no offer to secure the city in the event of an affirmance of the judgment, or in the event of the plaintiff's obtaining a judgment in excess of $10,000 if a new trial was ordered. We have the evidence of the assistant corporation counsel, who tried the case for the city, that in his opinion the plaintiff in the action against the city would recover, and that, even if a new trial was obtained, the result of the new trial would not be more favorable to the city and Baird than was the trial that had been had and resulted in a judgment against them. There is not, to my mind, a particle of evidence to dispute the fact that the law officers of the city did actually and in good faith believe that the settlement was an advantageous one for both the city and Baird. One jury had found the city liable for the negligence which had resulted in the injury to the plaintiff in that action; and, while it is possible there might have been errors on that trial which would insure a new trial, there is nothing in the record to show that the final result in the action would not have been a judgment in favor of the plaintiff for the injuries that it has sustained, and no one can tell but that upon a new trial the verdict would have been in excess of that awarded against the city on the first trial.

I cannot see how it is possible to say that upon this evidence the finding that the city did act in good faith was not sustained by the evidence. The Court of Appeals in reversing the former judgment held that the question of the good faith of the city officials in making

the settlement was a question of fact for the jury, and the question as to the plaintiff's good faith has been submitted to the jury, and I do not think that we should interfere with the verdict.

The defendants strenuously insist that the ruling of the trial court in excluding conversation between the comptroller and Baird at the time the bond was executed was competent evidence as against the defendants. The attorney for the defendant Baird was on the stand, and was asked:

"Did you have any conversation with the comptroller or with Mr. Blandy about the time this bond was given with reference to the attitude of Baird, the defendant, with reference to the Kelly claim and the action proposed to be brought thereon?"

That question was excluded, and the defendant excepted. He was then asked what that conversation was, which was also excluded; and the same question was asked to any conversation with Mr. Blandy at about the time of giving the bond. This conversation was at the time the bond was given. It certainly could not be relevant in an attempt to vary the condition of the bond, or for the purpose of affecting the construction to be given to it. The bond was dated February 2, 1898. The action against the city by Kelly was commenced on February 28, 1898. The judgment was obtained on May 5, 1899, and the judgment was satisfied on March 19, 1900. This conversation, therefore, was more than two years prior to the time of the satisfaction of the judgment, and at the time it was offered there was no evidence bearing on the good faith of the city officials in making the settlement. In making the ruling, however, the court did not finally hold the evidence not admissible, but stated that he would exclude it at that juncture of the case; that it was necessary first for the defendants to attack the good faith of the plaintiff's officials, to show the circumstances attending the conduct of the defendant after the rendition of the verdict, to show what the defendants wanted the city to do, and that the court could then see whether it was material on the question of good faith. The objection was then sustained with leave to ask the question again if the defendants were disposed to. Subsequently, after the defendant Baird's attorney had been examined, he was asked by counsel for the plaintiff to state what else was said by the comptroller and himself prior to the execution of the bond when the comptroller stated that the amount of the balance due the defendant Baird would not be paid unless the bond was given. At first the court seemed to overrule the objection, but subsequently, upon counsel for the plaintiff stating that he meant to show that he wanted to carry the case to the appellate court, the court sustained the objection, to which the plaintiff excepted.

It seems to me that a statement to the comptroller some time before the bond was executed that the defendant Baird wanted to carry the Kelly Case to the appellate court was quite immaterial as to the good faith of the law officers for the plaintiff in settling the case after the verdict had been obtained against the city. Assuming that any statement as to what was said to the corporation counsel or his assistant at that time would have been material as bearing upon the act of the law officers for the plaintiff in determining upon the settlement, the

mere statement of Baird's intention before the bond was executed to the comptroller seems to be entirely too remote as not bearing upon the good faith of the law officers of the plaintiff who made the settlement. A casual statement of this kind to the comptroller, over two years before the case was settled, would not certainly be notice to the city of any fact which could bear upon the good faith of counsel for the corporation in making the settlement.

There is no other question which, I think, requires discussion. The case was submitted to the jury exactly as the Court of Appeals said it should be, and the jury has found a verdict that, in my view, is sustained by the evidence, and the judgment appealed from should therefore be affirmed, with costs.

PATTERSON, P. J., and LAMBERT, J., concur. LAUGHLIN, J., concurs in result. HOUGHTON, J., dissents.